IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JARVIS HAMPTON                                                                                    PLAINTIFF

V.                                                                         CAUSE NO. 3:16-CV-725-CWR-LRA

BILLIE SOLLIE                                                                                   DEFENDANT

**ORDER**

Before the Court is the defendant's motion to dismiss. After reviewing the allegations and applicable law, the motion will be denied.

I. **Factual and Procedural History**

Jarvis Hampton is a pretrial detainee in the custody of Lauderdale County, Mississippi. He filed this habeas petition in this Court alleging that he has been incarcerated without having been appointed a defense attorney. He seeks dismissal of the charges and release for what his complaint suggests is a violation of his constitutional rights to counsel and a speedy trial.

The State of Mississippi has responded on behalf of Lauderdale County. It says Hampton has been detained on a murder charge since February 2016, when he received an initial appearance before a municipal court judge and had bail set at $100,000. According to the State, during that initial appearance Hampton claimed he was represented by an attorney. The State continues, "[u]pon information and belief, Respondent submits that Hampton's case is currently under investigation, and the file has not yet been turned over to the District Attorney's Office."

II. **Legal Standard**

When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and

plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### III.  Discussion

#### A.  Substantive Law

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The speedy trial guarantee "is one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). It reflects a fundamental belief that forcing someone to stay in "lengthy pretrial detention" is "essentially . . . punishment." Brief for the United States as Amicus Curiae Supporting Respondent at 10, *Betterman v. Montana*, 136 S. Ct. 1609 (2016) (No. 14-1457).

The speedy trial right is specifically designed "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker v. Wingo*, 407 U.S. 514, 532 (1972).

> The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious.

*Id.* at 532-33; *see also United States v. Marion*, 404 U.S. 307, 320 (1971) (explaining that detaining an individual "may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends"). The Court added that jails are "generally deplorable . . . institutions" which can have "a destructive effect on human character." *Barker*, 407 U.S. at 520 (quotation marks and citation omitted).

> At some juncture in a criminal prosecution the government's lengthy, inexplicable delay, in the face of vigorous demands for an immediate trial, is so offensive to the Sixth Amendment's guarantee of a speedy trial that a Court must intervene regardless of whether the defendant has been incarcerated, subjected to public scorn and obloquy, or impaired in his ability to defend himself.

*Hoskins v. Wainwright*, 485 F.2d 1186, 1188 n.3 (5th Cir. 1973).

**B.    Analysis**

The State contends that Hampton's petition should be dismissed because he has not alleged "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). It is true that there must be "special circumstances" before a federal court can dismiss pending state charges on the basis of a speedy trial violation.[1] *Id.* Because those circumstances are by definition unusual, in a typical case the federal court can only force the State "to grant [the defendant] a prompt trial." *Dickerson v. State of La.*, 816 F.2d 220, 228 (5th Cir. 1987).

Here, though, Hampton's petition claims both an excessively-delayed trial and a denial of counsel. (The allegation of having no attorney must be taken as true on a motion to dismiss, despite the State's contrary assertion.) And the State has pointed to no authority indicating that it

---

[1] "[T]he Fifth Circuit has not clarified what 'special circumstances' might warrant an exception from this rule." *Hartfield v. Osborne*, No. 4:14-CV-3120, 2015 WL 1880449, at *2 (S.D. Tex. Apr. 21, 2015). "Other courts have focused on whether state procedures are sufficient to protect a petitioner's constitutional rights without pretrial intervention." *Id.* (citation omitted).

is typical (*i.e.*, not special) for a person to be incarcerated on a charge (in this case murder) for 10 months without being indicted or even having an attorney appointed to assist him. *See, e.g.*, *Goodrum v. Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008) ("As the Supreme Court has observed, courts generally view a delay of approximately one year as sufficient to require a full *Barker* analysis. This is the rule in the Fifth Circuit."). The lack of counsel impairs the efficacy of every other constitutional right guaranteed in a criminal proceeding, from the right to demand a speedy trial, to the right not to incriminate oneself, to the general advice an attorney can give on the substantive charge and the procedural issues involved. At the very minimum, the attorney's presence itself provides some comfort to his client because the attorney is there to protect his rights. *See Barker*, 407 U.S. at 532.

Given the allegations, the motion to dismiss will be denied and the case shall proceed to an omnibus hearing in early 2017.

**IV.    Conclusion**

The motion is denied. The Court intends to set this matter for an omnibus hearing alongside other Lauderdale County speedy trial habeas petitions now pending in this district.

Counsel for the State is directed to forward a copy of this Order to Lee Thaggard, counsel for Lauderdale County.

**SO ORDERED**, this the 9th day of December, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE